Jennifer M. Rosner, Bar No. 227676
jrosner@lcwlegal.com
Jacqueline C. Lee, Bar No. 339825
jlee@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendant LOS ANGELES COUNTY
METROPOLITAN TRANSPORTATION AUTHORITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - CENTRAL

| | |
|---|---|
| DIJON BERNARD,<br><br>              Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>              Defendant. | Case No.:  2:23-CV-06384-SB-DTB<br><br>Complaint Filed: August 4, 2023<br>FAC Filed: November 20, 2023<br>SAC Filed: May 31, 2024<br>TAC Filed: March 3, 2025<br><br>**DEFENDANTS LOS ANGELES METROPOLITAN TRANSPORTATION AUTHORITY'S MOTION FOR JUDGMENT ON THE PLEADINGS FOR PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date:      April 24, 2025<br>Time:     8:30 a.m.<br>Ctrm:    6C<br>           350 West 1st Street<br>           Los Angeles, CA 90012 |

**TO THE CLERK OF THE COURT, AND PLAINTIFF, IN PRO PER**

**PLEASE TAKE NOTICE** that on April 24, 2025, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 6C, located at U.S. Courthouse, 350 West 1st Street, Los Angeles, California 90012, Defendant LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY ("Metro") will move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12(c), for an order dismissing all of Plaintiff Dijon Bernard's claims against Metro. Metro's

1

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Motion will be based on the following grounds:

1. All claims asserted by Plaintiff under Title VII of the Civil Rights Act of 1964 ("Title VII") must be dismissed because they are barred by Plaintiff's failure to exhaust administrative remedies.

2. The First Cause of Action for discrimination against race, gender, and religion must be dismissed against Metro because it fails to state a claim upon which relief can be granted.

3. The Second Cause of Action for Retaliation under California Labor Code § 1102.5 must be dismissed because it is barred by Plaintiff's failure to exhaust administrative remedies.

4. The Second Cause of Action for Retaliation under California Labor Code § 1102.5 must be dismissed against Metro because it fails to state a claim upon which relief can be granted.

5. Plaintiff's request for attorney's fees must be dismissed as a matter of law.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Jacqueline C. Lee, the pleadings and paper filed herein, and upon any other oral or documentary evidence that may be timely presented prior to the hearing of this Motion.

///
///
///
///
///
///
///
///
///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Defendant's Motion for Judgment on the Pleadings for Plaintiff's Third Amended Complaint
12810766.5 ME080-049

This Motion is made following Metro's counsel's attempt to meet and confer pursuant to L.R. 7-3. *See* Declaration of Jacqueline C. Lee, filed contemporaneously herewith. The parties were unable to resolve the issues presented in this motion as Plaintiff never returned Metro's counsel's calls or emails.

Dated:  March 28, 2025                              LIEBERT CASSIDY WHITMORE


By:   */s/ Jacqueline C. Lee*
       Jennifer M. Rosner
       Jacqueline C. Lee
       Attorneys for Defendant LOS
       ANGELES COUNTY
       METROPOLITAN
       TRANSPORTATION
       AUTHORITY

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

Defendant's Motion for Judgment on the Pleadings for Plaintiff's Third Amended Complaint

12810766.5 ME080-049

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...................................................................................... 7

II.    OVERVIEW OF TAC'S ALLEGATIONS AND
       PROCEDURAL HISTORY ....................................................................... 7

       A.    PLAINTIFF'S ALLEGATIONS REGARDING
             DISCRIMINATION AND RETALIATION ...................................... 7

       B.    PROCEDURAL HISTORY .............................................................. 9

III.   LEGAL STANDARD ............................................................................. 11

IV.    LEGAL ARGUMENT ........................................................................... 12

       A.    PLAINTIFF IS BARRED FROM BRINGING A CIVIL
             ACTION UNDER TITLE VII AND CALIFORNIA
             LABOR CODE § 1102.5 BY HIS FAILURE TO
             EXHAUST ALL ADMINISTRATIVE REMEDIES ....................... 12

             1.    Title VII .............................................................................. 12

             2.    California Labor Code § 1102.5 ......................................... 13

       B.    PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS
             TO ALLEGE DISCRIMINATION UNDER TITLE VII
             AND 42 U.S.C. § 1981 ................................................................. 13

             1.    Plaintiff Fails to Allege that He was Qualified for
                   His Position or That There Was a Causal
                   Connection Between Any Adverse Action and His
                   Protected Status ................................................................. 14

             2.    Plaintiff Fails to Allege That Similarly Situated
                   Employees Were Treated More Favorably ........................... 16

       C.    PLAINTIFF FAILS TO STATE SUFFICIENT FACTS
             TO ALLEGE RETALIATION UNDER CALIFORNIA
             LABOR CODE § 1102.5. ............................................................. 16

       D.    PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS
             IMPROPER AND MUST BE DISMISSED ...................................... 18

V.     PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND ............... 18

VI.    CONCLUSION ...................................................................................... 19

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abagninin v. AMVAC Chem. Corp.*,
545 F.3d 733 (9th Cir. 2008)................................................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................11

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988)................................................11

*Bell Atl. Corp v. Twombly*,
550 U.S. 544 (2007) ......................................................11

*Chuang v. Univ. of Cal. Davis*,
225 F.3d 1115 (9th Cir. 2000)..............................................14

*Dworkin v. Hustler Magazine Inc.*,
867 F.2d 118 (9th Cir. 1989)................................................11

*Fonseca v. Sysco Food Servs. of Ariz.*,
374 F.3d 840 (9th Cir. 2004)................................................14

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*,
887 F.2d 228 (9th Cir. 1989)................................................11

*Kay v. Ehrler*,
499 U.S. 432 (1991) ......................................................18

*Mohasco Corp. v. Silver*,
447 U.S. 807 (1980) ......................................................13

*National R.R. Passenger Corp. v. Morgan*,
536 U.S. 101, 110 (2002) ..................................................13

*Rutman Wine Co. v. E & J Gallo Winery*,
829 F.2d 729 (9th Cir. 1987)................................................12

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013)..............................................18

*Schmier v. US Court of Appeals for the Ninth Circuit*,
279 F.3d 817 (9th Cir. 2002)................................................18

**State Cases**

*J.J. v. County of San Diego*
223 Cal.App. 4th 1213 (2014) ..............................................13

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Defendant's Motion for Judgment on the Pleadings for Plaintiff's Third Amended Complaint

12810766.5 ME080-049

*Mokler v. County of Orange,*
   157 Cal. App. 4th 121 (2007) ............................................................................ 17

**Federal Statutes**

42 U.S.C § 1981 ................................................................................................ 7

42 U.S.C. § 2000e-5(e)(1) ............................................................................... 12

42 U.S.C. § 2000e-5(f)(1) ............................................................................... 12

Federal Rule of Civil Procedure § 12(c) ......................................................... 11

Title VII of the Civil Rights Act of 1964 ....................................................... 2, 7

**State Statutes**

California Government Code §§ 810 ................................................................ 13

California Government Code §§ 905, 911.2 .................................................... 13

California Labor Code § 1102.5 ........................................................... 7, 13, 16

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Defendant's Motion for Judgment on the Pleadings for Plaintiff's Third Amended Complaint

12810766.5 ME080-049

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Pro se Plaintiff Dijon Bernard ("Plaintiff") brings this lawsuit against Defendant Los Angeles County Metropolitan Transportation Authority ("Metro"), alleging discrimination based on age, race, gender, bias, and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C § 1981, as well as retaliation under California Labor Code § 1102.5. Despite multiple opportunities to amend his complaint, Plaintiff's latest version continues to miss the mark, introducing more deficiencies rather than addressing prior ones. Despite having three chances to fix the issues raised by Metro and this Court, Plaintiff's latest complaint only adds more defects than before

Even setting aside the vague and unsupported accusations, Plaintiff's Title VII and California Labor Code § 1102.5 claims fail as a matter of law because he does not allege that he timely filed an Equal Employment Opportunity Commission ("EEOC") complaint or a complaint with Metro as required under the Government Claims Act. Additionally, Plaintiff demands attorney's fees which are legally impermissible given that he is representing himself.

For these reasons, Metro respectfully requests that this Court grant its Motion for Judgment on the Pleadings, dismiss all claims in Plaintiff's TAC, and — given Plaintiff's repeated failure to state a viable claim — deny leave to amend once and for all.

## II.    OVERVIEW OF TAC'S ALLEGATIONS AND PROCEDURAL HISTORY

### A.    PLAINTIFF'S ALLEGATIONS REGARDING DISCRIMINATION AND RETALIATION

On or about October 15, 2021, Metro supervisors instructed Plaintiff to verbally state his badge number to enter work. TAC at p. 2:15-17. Plaintiff contends that such a request was unnecessary, yet he was sent home despite eventually

7

complying. TAC p. 3:9-20. Plaintiff claims he felt belittled and harassed because he was repeatedly asked to state his badge number, even though he insists he "always complied" with presenting it. TAC at p. 2:19-25.

On November 4, 2021, Metro terminated Plaintiff after placing him on administrative leave, allegedly due to his failure to comply with the instruction to verbally state his badge number. TAC at p. 4:21-25. Plaintiff alleges that prior to this, Metro's Director threatened termination due to his refusal to verbally state his badge number, but he also claims the real motive was to prevent him from receiving a $10.00 wage increase that was forthcoming. TAC at p. 3:14-16. Plaintiff further asserts that Metro and his union conspired to sabotage his chance of receiving higher wages and Metro created false allegations against him. TAC at pp. 3:18-20, 5:9.

Plaintiff contends that he filed multiple complaints with Metro's management, but Metro allegedly took no action to address them. TAC at p. 3:23-26. He asserts that the more he complained about harassment and discrimination, the more Metro accelerated efforts to terminate him. TAC at p. 4:14-15. Plaintiff states he felt targeted and unfairly treated after making complaints about staff interactions. TAC at p. 7:22-23.

Plaintiff is a Baptist Christian. TAC at p. 2:11-12. Plaintiff asserts that Metro violated his religious rights, claiming that he was "not allowed to honor, glorify or worship a God of truth" because Metro allegedly "avoided the truth at all costs." TAC at p. 6:1-2. He further alleges that Metro "denied him the truth in every capacity," preventing him from worshiping God properly. TAC at p. 6:5-6. Plaintiff claims Metro denied him "normal accommodations" and due process of law. TAC at p. 6:17-20. He asserts that his supervisors disrespected him for years, and he was uniquely subjected to this treatment. TAC at pp. 6:25-7:3.

Plaintiff alleges that at no time was he required to quote his badge under Metro's official rules. TAC at p. 7:10-13. He also states that he has no record of breaking any major rules, standards, or policies and was even awarded a pin for elite

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8

drivers. TAC at p. 8:20. However, Metro's records show that on October 9, 2021, Plaintiff refused to comply with a supervisor's instruction to verbally state his badge number during the sign-on process. TAC at p. 21, SMART Disciplinary Hearing Response, Nov. 3, 2021. Further, on October 12, 2021, Plaintiff met with a Metro manager and the Director of Transportation Operations to discuss his prior disciplinary actions, including a May 2021 removal from service for failing to follow sign-on instructions. *Id*. He was explicitly directed to comply moving forward. *Id*. Yet, on October 14, 2021, Plaintiff again questioned the sign-on protocol, despite being ordered to follow instructions. *Id*.

Plaintiff seeks compensatory damages, including lost wages, retirement benefits, other employment benefits, and punitive damages totaling "$167,000,000," with interest. TAC at p. 9. Plaintiff also seeks reasonable attorney's fees. *Id.*

### B.    PROCEDURAL HISTORY

Plaintiff filed his lawsuit in the United States District Court, Central District of California on August 4, 2023 asserting three causes of action for (1) discrimination against race, gender, and religion, (2) harassment, and (3) retaliation. Dkt. No. 1, Compl. On October 24, 2023, Metro filed its Motion to Dismiss Plaintiff's Complaint ("MTD Complaint"). Dkt. No. 7. On October 25, 2023, the Court issued a Scheduling Order regarding Metro's MTD which provided a briefing schedule for Plaintiff's Opposition and Metro's Reply, and also specified that Plaintiff may file a First Amended Complaint to attempt to remedy the pleadings. Dkt. No. 11. Plaintiff filed his Opposition to Metro's MTD Complaint and his First Amended Complaint ("FAC") on November 20, 2023. Dkt. Nos. 12-13. On December 4, 2023, Metro filed its Answer to Plaintiff's FAC. Dkt. No. 16.

Metro filed its Motion for Judgment on the Pleadings as to Plaintiff's FAC ("MJOP") on December 8, 2024. Dkt. No. 20. Plaintiff failed to file his Opposition to Metro's MJOP by the December 22, 2023 deadline. *See* Dkt. No. 23. On December 27, 2023, the Court, *sua sponte,* extended Plaintiff's time to file an Opposition or

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9

Non-Opposition to January 19, 2024. *Id.* The Court also set February 2, 2024 as the date on which Metro was to file its Reply should Plaintiff file an Opposition. *Id.* Plaintiff filed his Opposition on January 8, 2024 and Metro filed its Reply on February 1, 2024. Dkt. Nos. 24, 25. On April 26, 2024, the Court issued an Order partially granting Metro's MJOP and dismissing Plaintiff's FAC in its entirety with leave to amend. Dkt. No. 28. Plaintiff was ordered, if he chose, to file a Second Amended Complaint within 30 days of the Order. *Id.*

Plaintiff filed his SAC on May 31, 2024, 2 days after the deadline to file his SAC had passed. Dkt. No. 29. On June 17, 2024, Metro filed it Motion to Dismiss Plaintiff's Second Amended Complaint ("MTD SAC"). Dkt. No. 30. On June 18, 2024, the Court issued a briefing schedule on Metro's MTD SAC which specified that any opposition must be filed on or before June 28, 2025. Dkt. No. 32. On July 1, 2024, the Court, *sua sponte*, extended Plaintiff's time up to and including July 12, 2024 to file an opposition. Dkt. No. 33. That same day, Plaintiff filed his Opposition. Dkt. No. 34. Metro filed its Reply on July 16, 2024. Dkt. No. 36. On December 12, 2024, the Court granted Metro's MTD SAC with leave to amend and ordered Plaintiff to file a Third Amended Complaint, if he chose to, within 30 days of the order. Dkt. No. 37.

On January 17, 2025, the Court issued an Order to Show Cause regarding Plaintiff's Third Amended Complaint due to Plaintiff's failure to timely file a Third Amended Complaint. Dkt. No. 40. Plaintiff was ordered to show cause, in writing, no later than February 7, 2025 as to why his case should not be dismissed for failure to prosecute. *Id*. On January 30, 2025, Plaintiff filed a declaration in response to the Court's Order to Show Cause. Dkt. No. 41. On February 3, 2025, the Court discharged its Order to Show Cause and, *sua sponte*, extended Plaintiff's time to file his TAC up to and including March 3, 2025. Dkt No. 42. Plaintiff filed his TAC on March 3, 2025 and Metro filed its Answer to Plaintiff's TAC on March 17, 2025.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

10

Defendant's Motion for Judgment on the Pleadings for Plaintiff's Third Amended Complaint

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(c) states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989). All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. *Id.* A Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, with the principle difference being the timing of the filing. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 118, 1192 (9th Cir. 1989). Accordingly, a Rule 12(c) motion may be based on either the lack of a cognizable legal theory or insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).

Under FRCP Rule 8, a complaint must satisfy two criteria: (1) It must assert a plausible claim; and (2) It must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly,* 550 U.S. 544 (2007)) ["Twombly/Iqbal" standard]. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 662.

Pleadings are not satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Id.* To satisfy the *Twombly/Iqbal* standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant

is liable under the alleged claim. *Id.* The plausibility requirement requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal,* 556 U.S. at 679. The Court is not required to accept as true "merely conclusory [allegations], unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1055 (9th Cir. 2008).

A dismissal pursuant to Rule 12(c) may be granted with prejudice where the pleadings demonstrate further amendment would be futile. *Rutman Wine Co. v. E & J Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987).

**IV.    LEGAL ARGUMENT**

**A.    PLAINTIFF IS BARRED FROM BRINGING A CIVIL ACTION UNDER TITLE VII AND CALIFORNIA LABOR CODE § 1102.5 BY HIS FAILURE TO EXHAUST ALL ADMINISTRATIVE REMEDIES**

**1.    Title VII**

Before bringing a civil action under Title VII, a plaintiff must file a timely administrative charge with the EEOC and receive a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). Title VII actions cannot proceed to federal court unless discrimination charges were filed with the EEOC *within* 180 days after the allegedly unlawful employment practice "occurred." 42 U.S.C. § 2000e-5(e)(1). The 180-day time period is extended to 300 days only if unlawful employment practice charges are initially filed with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings." *Id.* A plaintiff has only 90 days after a right-to-sue notice is "given" by the EEOC within which to commence a civil action based the charges filed. 42 U.S.C. § 2000e-5(f)(1). Claims for discrete acts, such as termination, refusal to hire or promote, denial of transfer, are barred if not filed with the EEOC within the 180-day period. *National R.R. Passenger Corp. v.*

12

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*Morgan*, 536 U.S. 101, 110 (2002). Strict adherence to the procedural requirements under Title VII is necessary to ensure evenhanded administration of the law. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

Here, Plaintiff alleges he was terminated on November 4, 2021. TAC at p. 4:21-25. Yet, nowhere in the TAC does Plaintiff claim he actually filed a charge with the EEOC, let alone that he received a right-to-sue notice. Without meeting these procedural requirements, Plaintiff's Title VII claims for discrimination and retaliation must be dismissed as a matter of law.

### 2.    California Labor Code § 1102.5

The Government Claims Act (Cal. Gov. Code §§ 810, et seq.) establishes that certain conditions must be met prior to the filing of a lawsuit against a public entity. *J.J. v. County of San Diego* 223 Cal.App. 4th 1213, 1219 (2014). Claims for personal injury and property damage must be presented within six months after accrual.  (Gov. Code, §§ 905, 911.2.)  The failure to file a claim for money or damages with the public entity bars a plaintiff from bringing suit against that entity. *Id*., Cal. Gov. Code § 911.2.

Here, Plaintiff alleges retaliation in violation of California Labor Code § 1102.5. In doing so, he was required to file a claim with Metro prior to the filing of this lawsuit. However, like his Title VII claim, Plaintiff fails to plead any facts that would indicate that he filed a claim with Metro for his Section 1102.5 claim and he is now time barred from doing so.  As such, Plaintiff has not satisfied the requirements under the Government Claims Act and is barred from bringing a cause of action for violation of California Labor Code § 1102.5.

### B.    PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS TO ALLEGE DISCRIMINATION UNDER TITLE VII AND 42 U.S.C. § 1981

To establish a prima facie case of discrimination under Title VII, Plaintiff must allege that (1) he was a member of a protected group, (2) he was qualified for the

13

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

position, (3) he was subject to an adverse employment decision, (4) similarly situated non-protected employees were treated more favorably." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000). For claims of discrimination under Title VII, an adverse employment action is one that "materially affects the compensation, terms, conditions, or privileges of employment." *Campbell v. State Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018). Claims for employment discrimination under 42 U.S. § 1981 follows the same legal principles as those applicable in a Title VII discrimination case. *Fonseca v. Sysco Food Servs. of Ariz.* 374 F.3d 840, 850 (9th Cir. 2004).

### 1.    **Plaintiff Fails to Allege that He was Qualified for His Position or That There Was a Causal Connection Between Any Adverse Action and His Protected Status**

As a preliminary matter, the only time Plaintiff alleges any facts regarding any of the protected classes is when he pleads that he is a Baptist Christian and a vague comment that he is an "innocent-colored minority." TAC at pp. 2:10-12, 9:9-10. It can be inferred from the use of pronouns that he identifies as a male, but his gender is also not explicitly pled in the TAC. He pleads no facts regarding his age.

Additionally, Plaintiff fails to allege that he was even qualified for his position and fails to state any facts to support his allegation that he was terminated *because of* his age, race, gender, or religion.[1]

Apart from including gender and age in the title of his second cause of action on the caption page, Plaintiff fails to mention any additional facts supporting his claim for gender or age discrimination throughout the rest of his TAC. *See* TAC. Thus, Plaintiff has not plead *any* facts to link an adverse action to his gender.

---

[1] While Plaintiff alleges that he was asked for his badge number despite that it was in the computer system, this is not an adverse action as it was not an action that "materially affects the compensation, terms, conditions, or privileges of employment." *Campbell v. State Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018).

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

14

Plaintiff pleads in a conclusory manner regarding his beliefs that he was "targeted" by supervisors, "harassed" and "belittled" by being asked to state his badge number, and "racially discriminated upon." TAC at pp. 4:10-12, 4:13-149:10-12. However, he pleads nothing to suggest that there were any adverse employment actions taken against him due to his gender, age, or race

Plaintiff's religious discrimination claim is also devoid of any non-conclusory allegations besides vague allegations that Metro violated his religious rights, claiming that he was "not allowed to honor, glorify or worship a God of truth" because Metro allegedly "avoided the truth at all costs." TAC at p. 6:1-2. Plaintiff claims Metro denied him "normal accommodations" and due process of law, TAC at p. 6:17-20, but it is entirely unclear as to how or even if Metro discriminated against Plaintiff due to his religion. It is entirely unclear as to how or *even if* Metro discriminated against Plaintiff due to his religion. Moreover, assuming *arguendo,* that failing to allow Plaintiff to "worship a God of truth" by "avoiding the truth at all costs" was a violation of his religious beliefs, he has not plead that Metro did so based on his religious beliefs as a Baptist Christian.

Plaintiff's race discrimination allegation is no better. The only time Plaintiff pleads specific facts regarding his race is when he refers to himself as an "innocent-colored minority." TAC at p. 9:9-10. However, apart from conclusory statements that he was discriminated based on race, there are no allegations regarding how his status as an "innocent-colored minority" is connected to any adverse employment actions.

While termination is an adverse employment action as it "materially affects the compensation, terms, conditions, or privileges of employment," Plaintiff does not establish how his termination is connected with his age race, gender, or religion, rather than his insubordination. *Campbell*, 892 F.3d at 1012. Instead, Plaintiff incorporates as part of his TAC the SMART Disciplinary Hearing Response from November 3, 2021, that clearly documents a consistent pattern of insubordination that goes as far back as May of 2021. *See TAC* at p. 21. He also explicitly pleads that

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

15

his termination was due to his failure to comply with instructions to provide his badge number. TAC at p. 4:23-24. Thus, Plaintiff *admits* that his termination was due to *his own insubordination*, not his age, race, gender, or religion.

## 2. Plaintiff Fails to Allege That Similarly Situated Employees Were Treated More Favorably

Plaintiff fails to allege that similarly situated employees of a different age, race, sex, or religion were treated more favorably than Plaintiff. To establish the fourth element of Plaintiff's prima facie case for discrimination, Plaintiff must allege that individuals outside of his age race, gender, or religion who were similarly situated "in all material respects" were given preferential treatment. *Id.* at 1015. Plaintiff makes conclusory statements that he felt targeted because he was the only one subjected to disrespectful supervisors. However, being disrespectful is not a protected class. Moreover, apart from this conclusory statement, Plaintiff does not identify a single similarly situated co-worker who was treated more favorably under the same circumstances. Accordingly, Plaintiff fails to allege sufficient facts to establish a prima facie claim for discrimination under Title VII and the claim must be dismissed.

## C. PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO ALLEGE RETALIATION UNDER CALIFORNIA LABOR CODE § 1102.5.

California Labor Code § 1102.5 ("Whistleblower Protection Act") forbids an employer from retaliating against an employee for disclosing information to a manager or other employee with power to investigate a violation or noncompliance if the employee has reasonable cause to believe that the information discloses a violation of law. To establish a prima facie case under the Whistleblower Protection Act, a plaintiff must establish that: (1) he engaged in a protected activity, (2) the defendant subjected him to adverse employment actions; and (3) that there is a causal link between the two. *Mokler v. County of Orange,* 157 Cal. App. 4th 121, 138

16

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  (2007).

2       Similar to his discrimination claims, Plaintiff has not pled that he has been

3  engaged in a protected activity or that there is a causal link between a protected

4  activity and an adverse employment action. Plaintiff alleges that he made complaints

5  to "the management director" but does not plead what those complaints were about.

6  TAC at p. 3:23-24. Presumably, Plaintiff is referring to complaints related to Metro

7  agents requesting for him to provide his badge number. However, even if Plaintiff is

8  referencing complaints he made to management regarding agents requesting him to

9  quote his badge number, he fails to plead that these alleged actions were violations

10 of law. The only fact Plaintiff alleges related to any sort of violation is that by asking

11 him to state his badge number, Metro failed to follow the procedures that were

12 required by the "rule book and the collective bargaining agreement" and did not

13 follow proper procedure. TAC at p. 5:5-8. Failure to follow proper procedure is not

14 necessarily a violation of law that would be a protected activity covered under the

15 Whistleblower Protection Act and Plaintiff does not plead that it is. Moreover, there

16 are no facts that even allude to the existence of a causal link between his termination

17 on November 4, 2021, and Plaintiff's complaints to management. In fact, as

18 mentioned above, Plaintiff pleads that he was fired due to insubordination. *See* TAC

19 at p. 4:21-24.

20       Plaintiff later pleads that he made "administrative complaints of harassment

21 and discrimination" which led to Metro's "accelerated efforts" to terminate him.

22 TAC p. 4:14-15. However, again, apart from this conclusory statement, Plaintiff

23 pleads no facts to support that he was engaged in a protected activity when making

24 complaints regarding "harassment and discrimination" nor does he plead facts to

25 support a causal connection between any adverse employment actions and his

26 protected activity instead of his insubordination. As such, Plaintiff has failed to plead

27 sufficient facts to establish a prima facie case of retaliation under the Whistleblower

28 Protection Act and the claim must be dismissed.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

17

**D.  PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS IMPROPER AND MUST BE DISMISSED**

Plaintiff's prayer for relief seeks attorneys' fees (despite the fact that he is pro se). As a preliminary matter, attorney's fees are not available to a plaintiff appearing in pro se. *Kay v. Ehrler*, 499 U.S. 432, 491 (1991). As such, Plaintiff's request for attorney's fees must be dismissed from the FAC.

**V.  PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND**

Claims for relief that cannot be cured by amendment should be dismissed without leave to amend. *Schmier v. US Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "futility of amendment" as a proper basis to dismiss without leave to amend). "Leave to amend may [] be denied for repeated failure to cure deficiencies by previous amendment." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). "A plaintiff may not in substance say, 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Plaintiff has now had three chances to cure the deficiencies to his pleadings. After Metro filed its MTD to Plaintiff's initial Complaint, outlining all of the deficiencies contained within, the Court specifically allowed Plaintiff to file a FAC to attempt to cure the pleading. Dkt. No. 11. Despite having Metro's points and authorities to reference, Plaintiff's FAC contained the same deficiencies that his initial Complaint had. In the Court's order partially granting Metro's MJOP and dismissing the FAC in its entirety, the Court identified the specific deficiencies in the FAC. Dkt. No. 28. Even with the Court's thorough order outlining all the various ways Plaintiff's FAC failed to sufficiently state a claim for any causes of action, Plaintiff filed his SAC with even more deficiencies than the two previous iterations. The Court's order granting Metro's MTD SAC similarly provided an analysis of all of Plaintiff's deficiencies, and Plaintiff's TAC suffers from the same, if not more.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

18

Dkt. No. 37. Plaintiff's own attached exhibits make clear that his termination was not a grand conspiracy but rather the result of a documented history of insubordination. The very 'threat of termination' he cites was, in reality, a directive from Metro's Director to discuss his prior discipline and order him — once again — to comply with standard workplace procedures. *Compare* TAC at p. 3:13-14 *with* TAC at p. 21. It is clear that Plaintiff termination was due to his insubordination, not due to any protected class or protected activity. As such, any further amendments that Plaintiff may attempt to make will be futile and Plaintiff should not be granted leave to amend.

## VI.    **CONCLUSION**

For the foregoing reasons, Metro requests that this Court grant its Motion for Judgment on the Pleadings and dismiss Plaintiff's entire TAC, without leave to amend.

Dated:  March 28, 2025                    LIEBERT CASSIDY WHITMORE

                                                 */s/Jacqueline C. Lee*
                                    By:    Jennifer M. Rosner
                                              Jacqueline C. Lee
                                              Attorneys for Defendant LOS
                                              ANGELES COUNTY
                                              METROPOLITAN
                                              TRANSPORTATION
                                              AUTHORITY

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

19

12810766.5 ME080-049

# CERTIFICATE OF COMPLIANCE

United States District Court – Central District

(Local Rule 11-6.2)

The undersigned, counsel of record for Defendant LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, certifies that this brief contains 4,182 words, which:

☒   complies with the word limit of L.R. 11-6.1.

☐   complies with the word limit set by court order dated _____.

Dated:  March 28, 2025                    LIEBERT CASSIDY WHITMORE


                              By:   */s/ Jacqueline C. Lee*
                                    Jennifer M. Rosner
                                    Jacqueline C. Lee
                                    Attorneys for Defendant LOS
                                    ANGELES COUNTY
                                    METROPOLITAN
                                    TRANSPORTATION
                                    AUTHORITY

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

20

Proof of Service

12810766.5 ME080-049

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **March 28, 2025,** I served the foregoing document(s) described as **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS FOR PLAINTIFF'S THIRD AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Dijon Bernard
1920 San Vicente
Compton, CA 90221
Telephone: (310) 848-7412

Email: dijonlb@gmail.com

☑ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile. I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 310.337.0837 to the facsimile number(s) listed above. The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine. A copy of this transmission is attached hereto.

☐ **(BY OVERNIGHT MAIL)** By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, FedEx, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12810766.5 ME080-049

21

☑ **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from emiyashiro@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY PERSONAL DELIVERY)**  I delivered the above document(s) by hand to the addressee listed above.

Executed on **March 28, 2025**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_/s/ Elaine Miyashiro_
Elaine Miyashiro

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

22
Proof of Service

12810766.5 ME080-049